# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY NIKOLE STEELE, an Individual, | CASE NO. 12cv1012 DMS (WMC) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS FEES** |
| vs. | |
| CITY OF SAN DIEGO, a Governmental Agency, et al., | |
| Defendants. | |

This case comes before the Court on Plaintiff Ashley Steele's motion for attorneys fees. Defendants City of San Diego, San Diego Police Department and Kevin Friedman filed an opposition to the motion. Plaintiff's counsel O. David Natanzi filed a declaration in response to Defendants' opposition, and Defendants filed an objection to that Declaration.

Plaintiff moves for attorneys fees pursuant to 42 U.S.C. § 1988. That statute provides for reasonable attorneys fees to the prevailing party in civil rights cases such as this. 42 U.S.C. § 1988(b). The parties do not dispute Plaintiff's entitlement to attorneys fees under this statute or under the circumstances of this case. Defendants do dispute, however, whether the fees requested are reasonable.

///

///

///

1    Plaintiff requests $95,620.44 in fees: $33,110 for Sanford Passman and $62,510.44 for Mr. Natanzi.¹ Defendants ask the Court to reduce the fee award to $46,359.50 on the grounds that the fees requested are duplicative, and Plaintiff failed to file a government claim for negligent supervision, hiring and retention and for unlawful arrest and detention, therefore those claims should not have been included in this case. Defendants also argue Plaintiff's counsel have "padded" their bills, and Mr. Passman's hourly rate should be reduced to $425.

Turning to the latter argument first, the Court declines to reduce Mr. Passman's hourly rate to $425. Defendants do not dispute that Mr. Natanzi's hourly rate of $425 is reasonable. Mr. Passman has more than twenty years of additional experience than Mr. Natanzi, and that experience is deserving of the additional $125 included in Mr. Passman's hourly rate. Accordingly, the Court declines to reduce Mr. Passman's hourly rate.

As for Defendants' other arguments, the Court has reviewed the billing records and the record on file in this case, and agrees that the fee award should be reduced. Specifically, the Court agrees that the fees incurred in the preparation of the amended Complaints and in response to Defendants' motion to dismiss are unreasonable. Based on the experience level of Plaintiff's counsel and the facts of this case, the pleadings should have been finalized more efficiently and expeditiously. The Court also declines to award fees for vague entries such as Mr. Passman's entry for "Various telcons and emails," for time spent counseling Plaintiff on non-legal issues and for time spent on duplicative tasks. With these adjustments, the Court finds that Plaintiff is entitled to reasonable attorneys fees in the amount of $66,886.29: $21,560 to Mr. Passman, and $45,326.29 to Mr. Natanzi.

**IT IS SO ORDERED**.

DATED: November 30, 2012

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] In response to Defendants' opposition to the motion, Plaintiff's counsel requested an additional $6,275 in fees related to the present motion. Because Plaintiff did not request these fees in her opening brief, the Court declines to award any fees associated with the present motion.